IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAYDANCE LEE, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. <br> v. ) <br> ) JURY TRIAL DEMANDED <br> 29ᵀᴴ STREET PROPERTY ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendant. ) <br> ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kaydance Lee ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant 29th Street Property Management, LLC, and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to URS Agents, Inc., 3675 Crestwood Pkwy., Suite 350, Duluth, Georgia 30096.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charge from the EEOC and was issued a "Notice of Right to Sue" on August 4, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff began her employment with Defendant's predecessor in interest, All Trade Property Management, on or about July 29, 2021, as a listing office manager.

11.

Plaintff is a trans woman and by all appearances presents as a woman.

12.

On or about January 3, 2022, Plaintiff received a $2.00 per hour raise for her job performance.

13.

On or about January 1, 2022, Defendant became the entity that employed Plaintiff.

14.

In early 2022, Plaintiff was writing a book about her journey as a trans woman.

15.

On or about February 4, 2022, Plaintif showed one of her managers, Sarah Davis, the first chapter of her book, which discusses Plaintiff's surgery and hormone treatment. The day after sharing her transgender status with Ms. Davis, she began treating Plaintiff with hostility.

16.

On or about February 10, 2022, Plaintiff had text messages with another one of her managers, Theresa, regarding a trangender books she was seeking to get published. Upon learning of the topic of Plaintiff's book, Theresa went silent in the text exchange.

4

17

On or about February 17, 2022, Plaintiff was terminated.

18.

Any reason given for her termination is pretext for unlawful discrimination, based on gender, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

19.

As a result of the termination, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII GENDER DISCRIMINATION

20.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

21.

Plaintiff is a member of a protected class, i.e., she is a transgender woman.

22.

Title VII prohibits Defendant from discriminating against Plaintiff based on gender.

23.

Defendant violated Plaintiff's rights under Title VII by terminating her due to her protected characteristic. Plaintiff's gender was a determinative factor in Defendant's decision to not offer Plaintiff employment.

24.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender, in violation of Title VII.

25.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

27.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

28.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 12th day of August, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com